ANNA CADY PHELPS v. JAMES COMPTON and Others.

April 28, 1898.

Nos. 10,972—(63).

**Foreclosure of Mortgage—Value of Services—Set-Off—Evidence Sustains Findings.**

*Held*, the evidence sustains the finding that by the agreement of both parties the amounts due each from the other were to be offset or applied in payment of each other.

**Same—Counterclaim—Pleading and Proof.**

But *held*, in any event, on the pleadings, evidence and findings, the amount due defendant is sufficiently pleaded, proved and allowed as a counterclaim.

Action in the district court for Otter Tail county to foreclose a mortgage. The facts are stated in the opinion. The court, Searle, J., found in favor of defendant, and from an order denying a motion for a new trial plaintiff appealed. Affirmed.

*Houpt & Baxter*, for appellant.

*E. E. Corliss*, for respondents.

CANTY, J.[1]

On July 2, 1883, the defendant James Compton made and delivered his four promissory notes to D. Cady, three of which were for $1,000 each, and were due in two, three and four years, respectively, from said date. The other note was for $2,200, due in five years from said date. To secure the payment of these notes, Compton executed a mortgage to Cady on certain real estate. Cady died in 1895. The executor of his estate assigned the notes and mortgage to plaintiff, and she brought this action to foreclose the mortgage. On the trial before the court without a jury, the court found for defendant. From an order denying a new trial, plaintiff appeals.

Appellant contends that the findings of fact are not supported by the evidence. The court found that during all the time from March, 1883, to April, 1891, Compton was in the employ of Cady, as agent of the latter, and during that time loaned, invested and

[1] BUCK, J., absent, took no part.

collected large sums of money for Cady, and transacted all the business necessary in making such loans, investments and collections; that the amount of money so loaned and invested by Compton for Cady averaged from $50,000 to $60,000 per year during all of that time; that said services were performed by Compton at the request of Cady, and were reasonably worth the sum of $750 per year during that time; that it was understood and agreed between them that Compton was to be allowed what said services were reasonably worth, and that the amount thereof should be applied as payment on said notes; that in 1894 Compton paid Cady $416, as interest on said notes, and on March 25, 1889, $2,600, as a payment on the notes.

Appellant concedes that the evidence shows that the services were performed, and that they are of the value stated, but counsel contends that there is no evidence to sustain the finding that it was agreed that the amount due for these services should be applied as payment on the notes.

It is true that there is no direct evidence to that effect. During all of said time, Compton resided at Fergus Falls, in this state, and Cady resided at Amsterdam, New York. Compton had performed similar services for Cady during the time from 1873 to 1883, when the parties had a settlement, and Cady allowed Compton for his services. The services continued in much the same manner. After Compton ceased to perform these services, in 1891, Cady employed another agent to look after his business at Fergus Falls, and this agent continued in such service until Cady's death. It does not appear that Cady ever demanded any payment from Compton, or that Compton ever demanded any payment for his services during all of this time. In our opinion, the circumstances warranted the court in finding that there was an understanding between the parties that the amount due for the services should be applied as payment on the notes.

But there is another reason why the decision should stand. Compton pleaded in his answer all of said facts in relation to his services. True, he did not label this part of his pleading as a counterclaim, or demand any relief thereon. Neither did he allege any agreement that the amount so due him should be applied as

payment. The matter was voluntarily litigated, and the court has found facts which show that defendant is entitled to offset, as a counterclaim, the amount due him for his services, even though he had not proved any agreement that such amount should be applied as a payment on the notes. Then, in any event, the findings of fact support the conclusion of law that plaintiff take nothing by this action.

We are also of the opinion that the court was warranted in finding that the draft for $2,600 was intended as a payment on the notes in suit, and was so applied. There is nothing in appellant's claim that it does not appear that Cady ever received the draft. His signature is indorsed on the back of the same.

The order appealed from is affirmed.